**HUA ZHANG, Petitioner,**

v.

**Alberto R. GONZALES,[1] Respondent.**

**No. 05–4696–ag.**

United States Court of Appeals, Second Circuit.

June 9, 2006.

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft.

Liu Yu, New York, NY, for Petitioner.

Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, Ross E. Lenhardt, Assistant United States Attorney, Pittsburgh, PA, for Respondent.

PRESENT: Hon. THOMAS J. MESKILL, Hon. CHESTER J. STRAUB and Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Hua Zhang (A 78 865 605), through counsel, petitions for review of the BIA's August 10, 2005 decision affirming the decision of Immigration Judge (IJ) Douglas B. Schoppert denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture (CAT).

When the BIA adopts the decision of the IJ and supplements the IJ's decision, this Court reviews the decision of the IJ as supplemented by the BIA. *See Yan Chen v. Gonzales,* 417 F.3d 268, 271 (2d Cir. 2005). This Court reviews the agency's factual findings, including adverse credibil-ity determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

The IJ determined that Zhang's testimony was not credible and therefore denied her applications. The IJ's adverse credibility determination was based on various discrepancies between Zhang's airport interview and subsequent testimony. We have previously held that although an IJ is permitted to rely on an airport interview, "we closely examine each airport interview to ensure that it represents a sufficiently accurate record of the alien's statements to merit consideration in determining whether the alien is credible." *Guan v. Gonzales,* 432 F.3d 391, 396 (2d Cir.2005) (per curiam) (internal quotation marks omitted). In *Ramsameachire v. Ashcroft,* 357 F.3d 169, 180 (2d Cir.2004), we set forth four non-exhaustive factors to consider when determining the reliability of an alien's answers given in the context of an airport interview. In this case, all factors indicate that the interview was reliable.

Nevertheless, in order for us to uphold an IJ's denial of asylum due to inconsistencies between testimony and an airport interview, the varying stories must go to the heart of a petitioner's claim. *See id.* at 180–81 ("Where the alien's airport statements and his or her later testimony present materially different accounts of her or her purported persecution, ... the inconsistencies may render the alien's testimony incredible."). Thus, we have upheld an IJ's adverse credibility finding where a petitioner provides an "entirely different" account of persecution in the airport interview and subsequent testimony. *See Kanacevic v. INS,* 448 F.3d 129, 132–33 (2d Cir.2006) (involving a case where petitioner stated, in the airport interview, that she

traveled to the United States for an arranged marriage, but claimed persecution on account of her Albanian ethnicity at the hearing); *Guan*, 432 F.3d at 395 (involving a case where petitioner stated, in the airport interview, that she fled China to avoid a blind marriage, but claimed persecution stemming from the closing and looting of her clothing store at the hearing).

Here, the IJ noted two inconsistencies. First, Zhang claimed at her airport interview that she had been a resident of Spain for one year, but admitted the falsity of this statement at the hearing. Second, at the interview, Zhang stated that her parents were detained by the Chinese government, but at the hearing she recanted. Because Zhang's asylum claim is based on her own detention it was inappropriate for the IJ to rely on the first inconsistency. Zhang's residency *vel non* in Spain has no bearing on the heart of her asylum claim. We also find that the second inconsistency, although it is a closer question, is likewise tangential to the heart of Zhang's claim. Zhang's parents' detention is not central to her alleged detention for imputed political opinion. Because neither inconsistency goes to the heart of Zhang's claim, the IJ's credibility determination cannot be sustained.

The IJ also concluded that, even if she were credible, Zhang failed to establish that she was persecuted in China. The IJ did not, however, reach any conclusion regarding Zhang's ability to demonstrate that she has a well-founded fear of *future* persecution. For this reason, we cannot uphold the IJ's decision. *See Kyaw Zwar Tun v. INS*, 445 F.3d 554, 562 (2d Cir. 2006).

The BIA, in its summary affirmance, did state that Zhang failed to demonstrate both that she suffered past persecution and that she has a well-founded fear of future persecution. It did so, however, without analysis. Because the BIA's "statement is conclusory," it "falls short of setting out terms sufficient to enable us as a reviewing court to see that the Board has heard, considered, and decided." *Kalubi v. Ashcroft*, 364 F.3d 1134, 1141 (9th Cir.2004) (internal quotation marks omitted). As such, the BIA's order must be vacated and remanded for additional proceedings.

Finally, because Zhang does not raise her withholding of removal and CAT claim in her brief to this Court, she has waived both of those claims. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1 (2d Cir.2005).

For the foregoing reasons, we GRANT the petition, VACATE the BIA's decision in part, and REMAND to the BIA for further proceedings consistent with this decision.